Owings *vs.* Owings.—1838.

---

NATHAN H. OWINGS *vs.* JAMES OWINGS.—*Dec.* 1838.

An action for money had and received, may be maintained, to recover back money paid under a decree, which is subsequently reversed by the court of Appeals, and to support the action, it is not necessary to prove, that the complainant recovering the decree, (the defendant in the action at law,) actually received the money. If he assigns the decree before payment to another for property, and the payment is made to his assignee, he is still liable in this form of action.

And it is no objection to the right to recover, that the record before the appellate court, at the time of reversal, shewed the previous payment of the money, though it was insisted that seeing such payment, the latter court might itself have ordered restitution.

But if the decree, under which the money was paid, was against the plaintiff at law as executor, and he claimed and obtained a credit for such payment in his accounts in the Orphans court, and the defendant at law, who was the complainant in Chancery, was a creditor of the plaintiff's testator, the latter should not be permitted to recover the whole sum paid by him under the decree, though the accounts in the Orphans court settled by him

shewed a large over payment. It should have been left to the jury to determine from the evidence, what amount of the assets of the estate of the plaintiff's testator, were applicable to the defendant's claim against his testator.

APPEAL from *Frederick* county court.

THIS was an action of *assumpsit*, commenced by *James Owings* on the 3d October, 1833, against the appellant. The declaration was for sundry matters and articles properly chargeable in account; for work and labour, money lent and advanced, paid, laid out and expended, had and received, and upon an account stated. The defendant pleaded *non-assumpsit*, on which issue was joined.

At the trial, the plaintiff, *James Owings*, offered in evidence the record of an action of *assumpsit*, brought by *Nathan Owings* against *Samuel Owings* and *James Owings*, as executors of *Richard Owings*, commenced on the 21st March, 1823; in which it was so proceeded in, that the plaintiff recovered judgment for $795 60, with interest and costs, on the 21st October, 1824.

The plaintiff then further offered in evidence, the record of a certain bill in chancery, commenced on the 8th February, 1830, by *Thomas Beale Owings* and wife, and *Nathan Owings*, and *Henry Stevenson* and wife, against *James Owings*, surviving executor of *Richard Owings;* upon this bill it was so proceeded, that *Nathan Owings* recovered a decree on the 13th April, 1830, against the said *James*, as executor of *Richard*, for $944 83. The other complainant, *Stevenson*, recovered a like sum. An execution was sued out on the 30th April, 1830, and returned satisfied, 7th July, 1830. On the 14th July, 1830, *James Owings* prayed an appeal from the decree of 13th April, upon which appeal the decree of the chancellor was reversed, and the bill dismissed, without prejudice.

He further offered in evidence, that on the 30th day of April, 1830, a *ca. sa.* was issued by order of the chancellor, of that date, against the now plaintiff, *James Owings*, the defendant in that cause, which was directed to William Ball,

then sheriff of Baltimore county; that the said *James Owings* was arrested under said *ca. sa.* on the second day of May, 1830; and thereupon paid to said sheriff, under said *ca. sa.* the sum of $1927 79, besides poundage fees, which said sum was subsequently paid by said sheriff, on the 7th day of July, 1830, to J. J. Speed, Esquire, one of the solicitors for the complainants in said suit. That the said J. J. Speed, on the same day, paid the sum of $1890 90, in full of said decree and execution, except the sum of $36 89, costs, retained by him as costs in chancery, to said Henry Stevenson.

That at the time of such payment, and just before the same was made, the said *Stevenson* exhibited to said *Speed*, the following contract in writing, made by and between the said *Stevenson* and the defendant in this case, the due execution of which was admitted.

Articles of agreement made and concluded this 28th day of April, 1830, between Henry Stevenson, of Baltimore county, in the state of Maryland, of the one part, and *Nathan H. Owings*, of Frederick county, in the state of Maryland, of the other part, witnesseth,—the above named Henry Stevenson agrees to deed to the above named *Nathan H. Owings*, in fee simple, clear of dower, his part or half of a tract of land, on Morgan's run, in Baltimore county, Maryland, for the consideration hereinafter mentioned, at any time when called upon for the deed, and the said Owings agrees to assign all his right to a claim now in the court of chancery, against the executors of Richard Owings, deceased, in lieu of the above recited land. Witness our hands and seals this 28th day of April, 1830. *Signed,* Henry Stevenson, N. H. Owings.

The plaintiff also offered in evidence the last will and testament of Richard Owings, deceased; by which he devised certain personal property, *inter olea,* to Beale Owings, father of the plaintiff in this action.

The plaintiff then offered his various accounts, No. 1 to 10, settled by him as executor of *Richard Owings*, with the orphans court of Anne Arundel county, from 1829 to 13th

February, 1833, on the last of which he claimed (and it so appeared by the accounts) to have over paid the estate $4,731 86. The accounts were voluminous, and comprehended a great variety of items, both of debts and credits.

The defendant then proved by *Harriett Ijams*, a competent witness, that *Mary Stevenson, Nathan H. Owings*, the defendant, and herself, were the only children and heirs at law of the said *Beale Owings*, and that they were all under age at the time of her said father's death, and that her said father left her mother, *Cordelia Owings*, his widow at the time of his death. That after the death of her said father, *Beale Owings*, her said mother, whose right it was to administer on the personal estate of her said husband, the said *Beale Owings*, at the instance and request of the said *Richard Owings*, the plaintiff's testator, agreed to let him administer on her said husband's estate, in consideration whereof the said *Richard Owings* agreed with her said mother, to pay her all the commissions which might be allowed him by the orphans court of *Anne Arundel* county, for administering on said *Beale Owings'* estate. That after the said *Beale Owings'* estate had been settled up by the said Richard Owings, the said Cordelia Owings gave to her, the witness, her claim to one-third of the amount of said commissions on said *Richard Owings*. That witness, some time in the year 1815, called on said *Richard Owings* for the same, and that he paid her the sum of five hundred dollars, and took her receipt for the same. That at the time the said Richard Owings so paid her, he told her that it was one-third of all the commission allowed him for administering on the estate of her deceased father, the said *Beale Owings*, and that he had agreed with her mother to pay her, for the use of her children, all the commission that should be allowed him by the orphans court for administering on the estate of the said *Beale Owings*, in consideration of her said mother's permitting him to administer on the same.

He also proved by competent testimony, that *Richard Owings* left a large real estate at the time of his death, much

more than sufficient to pay all his debts, including the said sum, if the same can be considered a debt, so paid over by his said executor to the sheriff as aforesaid, and which is now sought to be recovered back by the plaintiff in this case. And that a decree in the chancery court has passed, ordering the same to be sold for the payment of the debts of said *Richard Owings*, deceased, and is now in full force.

1st. The defendant by his counsel thereupon prayed the court to instruct the jury, that if they believed from the testimony in the cause, that defendant did on the 28th day of April, 1830, sell and assign his interest to *Henry Stevenson*, as set forth in the agreement offered by the plaintiff, in evidence aforesaid, and that he received the said land, mentioned in said agreement, as the consideration for said transfer of his said interest, and that the said money received by *J. J. Speed* from *William Ball*, the said sheriff, was paid over by him to said *Stevenson*, and not to the defendant in this cause, and that the said *Stevenson* receipted to him, the said *Speed*, for the same, as herein before proved by said *Speed*, that then the plaintiff is *not* entitled to recover, on the ground that the defendant did not receive the said money from said *William Ball*, the sheriff, or from said *Speed*, or said *Stevenson*, or the plaintiff in this case, which instruction the court (*Shriver and T. Buchanan, J.*) refused to give, being of opinion that the transfer of the said land by said *Stevenson* to the defendant, as the consideration of the assignment of his said right, as set forth in said agreement, is sufficient in law to entitle the plaintiff to maintain this form of action, to recover the amount so paid to him; to which refusal and opinion, the defendant by his counsel prayed leave to except, and that the court would sign and seal this his bill of exceptions, according to the form of the statute in such case made and provided, and which is done accordingly this 1st day of March, 1837.

2d. The defendant then, by his counsel, further prayed the court to instruct the jury, that if they believed from the whole of the evidence given by the plaintiff and defendant, as set forth in the first bill of exceptions in this case, and which

evidence is to be taken and considered as forming a part of his second bill of exception, that the money paid by the plaintiff, and which he seeks to recover in this action, was paid on a *ca. sa.* issued on said decree passed against him in the court of chancery, and afterwards reversed in the court of Appeals, and that the fact of such payment appeared to the court of Appeals on the said record of said case before them, as now offered in evidence by the plaintiff, that then the plaintiff is not entitled to recover, because the court of Appeals had the power, on the application of the plaintiff, to have ordered a restitution to him of the said money, and because the plaintiff cannot recover his claim in this court as a court of law, founded as it is upon the said judgment of reversal of said decree by the court of Appeals; that court being competent to give the plaintiff all the relief to which he was entitled, if any, as against this defendant; but which instruction the court (*Shriver and T. Buchanan, J.*) refused to give, being of opinion, and so instructed the jury, that the plaintiff may sue in this court as a court of law, in the present form of action adopted by him in this case; to which opinion, refusal and instruction, of the court, the defendant, by his counsel, prayed leave to except, and that the court would sign and seal this, his second bill of exceptions, according to the form of the statute in such case made and provided, and which is accordingly done this 1st day of March, 1837.

3d. The defendant further to support the issue on his part joined in this case, in addition to all the evidence offered by him and the plaintiff, as set forth and contained in the *first* bill of exceptions, signed in this case, and which is to be taken and considered as a part of this, his third bill of exceptions, proved by competent evidence, that defendant in this case was born on the 10th day of March, 1801. The defendant also proved by competent testimony that the sum of $1987 22, for which the plaintiff, as executor of said *Richard Owings*, claimed and obtained a credit in his ninth account, passed in the orphans court of Anne Arundel county, as money paid to said *William Ball*, as the sheriff of

*Baltimore* county, on execution issued in Chancery, at the suit of *Thomas B. Owings* and others against the deceased's estate, is the same money, a part of which the plaintiff is seeking to recover from the defendant in this action.   The defendant then, by his counsel, prayed the court to instruct the jury, that if they believed all the aforegoing testimony, that then the plaintiff is not entitled to recover, because it is not contrary to equity and good conscience, for the defendant to retain the money that is sought to be recovered of him in this action; which instruction the court refused to give, and were of opinion, and so instructed the jury, that the facts and circumstances proved as aforesaid, do not constitute any defence for the defendant in this case; to which refusal and instruction given by the court, the defendant, by his counsel, prayed leave to except, and that the court would sign and seal this his third bill of exceptions, and which is accordingly done this first day of March, eighteen hundred and thirty-seven.

The defendant below brought this appeal, and the cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By *J. Johnson* and *Speed* for the appellant, and
*W. Schley* for the appellee.

ARCHER, J., delivered the opinion of the court.

Differing in opinion with the court on the third exception, the judgment is reversed.   This court is of opinion, that it should have been left to the jury to determine from the evidence what amount of assets were in the hands of the executors of *Richard Owings*, applicable to the payment of *Nathan H. Owings*' claim against said *Richard Owings*' estate.   To the extent of any assets found by the jury, applicable as aforesaid, *James Owings* had no right to recover in this case.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.